UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ZINTER HANDLING, INC.,

                         Plaintiff,

     v.                                         No. 04-CV-500
                                                     (GLS/DRH)

GENERAL ELECTRIC COMPANY; JOSEPH
DeCONNO; J.C. MacELROY CO., INC.; and
BART SPOTA,

     Defendants, Cross-Claimants, and
     Cross-Defendants.

---

APPEARANCES:                                OF COUNSEL:

BERGER, DuCHARME, HARP & CLARK, LLP     JOSEPH C. BERGER, ESQ.
Attorney for Plaintiff and Non-Party Saratoga     JOHN B. DuCHARME, ESQ.
   Crane
10 Maxwell Drive, Suite 205
Clifton Park, New York 12065

BOND, SCHOENECK & KING, PLLC            EDWARD R. CONAN, ESQ.
Attorney for GE Defendants                     WILLIAM E. REYNOLDS, ESQ.
111 Washington Avenue
Albany, New York 12210

PENNOCK, BREEDLOVE & NOLL, LLP          BRIAN H. BREEDLOVE, ESQ.
Attorney for MacElroy Defendants              CARRIE McLOUGHLIN NOLL, ESQ.
1407 Route 9, Nine North
Building 4, 2d Floor
Clifton Park, New York 12065

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

     Presently pending is the joint motion of plaintiff Zinter Handling, Inc. ("Zinter

Handling") and non-party Saratoga Crane & Monorail, Inc. ("Saratoga Crane") for an order

quashing two subpoenas served by defendants General Electric Company and Joseph

DeConno (collectively "GE").  Docket No. 50.  GE opposes the motion.  Docket No. 55.[1]  For the reasons which follow, the motion is denied.

## I. Background

Zinter Handling conducts a business located in Saratoga Springs, New York specializing in the movement of materials using various types of cranes.  Compl. (Docket No. 1) at ¶¶ 4, 5, 12, 13.  Zinter Handling commenced this action against GE and other defendants seeking recovery for lost profits and related items of damage in eight causes of action alleging trademark infringement, unfair competition,  breach of contract, tortious interference, conversion, fraud, and defamation.  Compl. at ¶¶ 66-139.  Saratoga Crane provides services similar to those provided by Zinter Handling.  Reynolds Decl. (Docket No. 55(2)) at ¶ 5.

Given what it contends are the close ties between Zinter Handling and Saratoga Crane, GE sought "to determine whether revenues or losses may have been shifted between the two related companies" to enhance the damages claimed by Zinter Handling.  Reynolds Decl. at ¶ 8.  On August 17, 2006, GE served subpoenas duces tecum pursuant to Fed. R. Civ. P. 45 on AGT Services, Inc. (AGT") and Sicilia & Associates, P.C. ("Sicilia"), both returnable on August 31, 2006.  Id. at ¶ 2; Berger Affirm. (Docket No. 50(2)) at Exs. A, B.  On August 18, 2006, GE served copies of the two subpoenas on Zinter Handling by electronic mail.  Reynolds Decl. at ¶ 2; Berger Affirm. at ¶ 9.

AGT is an engineering services company and a customer of Zinter Handling.

---

[1] The remaining defendants have taken no position on this motion.

Reynolds Decl. at ¶ 3; Berger Decl. at ¶ 10.  The subpoena to AGT directed the production of "[a]ll documents relating or referring to drawings, contracts, purchase orders or invoices supplied to AGT Services by or otherwise relating to Zinter Handling . . . , Saratoga Crane . . . , and/or any subsidiary, parent, or otherwise related business entity thereof, from 1999 to the present."  Berger Affirm. at Ex. A.  Sicilia, an accounting firm, prepared the Zinter Handling financial statements produced to GE during discovery.  Reynolds Decl. at ¶ 4.  The subpoena to Sicilia directed production of "[a]ll federal and local tax returns, including any accompanying schedules and other supporting documentation, . . . [and] [a]ll financial statements, including annual, quarterly, monthly, or other periodic statements, including work paper files and other supporting documentation" for the years 1996 through the present for Zinter Handling, Saratoga Crane, and any subsidiary, parent, or related business entity.  Berger Affirm. at Ex. B.

On August 24, 2006, Zinter Handling advised GE that it objected to those portions of the subpoenas seeking the records of Saratoga Crane as Saratoga Crane was a separate entity from Zinter Handling and not a party to this action.  Reynolds Decl. at Ex. G.  Zinter Handling advised GE that if GE did not agree to limit its subpoenas to Zinter Handling by August 28, 2006, a motion to quash would be filed.  Id,.  On August 25, 2006, five days before the return date of the subpoena, AGT sent its response to GE by electronic mail.  Reynolds Decl. at ¶ 7.  The response consisted of fourteen pages of documents, all of which related to Zinter Handling and none of which related to Saratoga Crane.  Id. at ¶ 7.[2]  By letter dated August 29, 2006, GE advised Zinter Handling that it would not voluntarily

---

[2]Copies of the documents provided by AGT were sent to Zinter Handling on September 1, 2006.  Reynolds Decl. at ¶ 11 & Ex. J.

limit the scope of its subpoenas.  Id. at ¶ 8.  The instant motion was filed on August 30, 2006.  Docket No. 50.[3]

## II. Discussion

### A. Preliminary Matters

#### 1. Prior Notice

Movants contend that the subpoenas should be quashed because GE failed to give Zinter Handling notice of the subpoenas prior to their service as required by Fed. R. Civ. P. 45(b)(1), which requires that "[p]rior notice of any commanded production of documents and things . . . before trial shall be served on each party . . . ."  Although disputed by GE, the law appears well-settled that "prior" service means prior to the service of the subpoena, not prior to its return date.  See Cootes Drive, LLC v. Internet Law Library, Inc., No. 2002 WL 424647, at *1 (S.D.N.Y. Mar. 19, 2002); Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000); Biocore Med. Tech., Inc. v. Khosrowshahi, 181 F.R.D. 660, 667 (D. Kan. 1998).  Among other purposes, the requirement of notice prior to service allows opposing parties the opportunities to object before service and to move to quash if necessary.

However, such untimely notice under Rule 45(b)(1) does not automatically trigger quashing a subpoena without a consideration of prejudice to the aggrieved party.  See Biocore Med. Tech., Inc., 181 F.R.D. at 667-68 (refusing to quash subpoena for violation of Rule 45(b)(1) where aggrieved party failed to show prejudice from the violation); Seewald v. IIS Intelligent Info. Sys., Ltd., No. 93 CV 4258 (FB), 1996 WL 612497, at *5 (E.D.N.Y. Oct.

---

[3]On August 31, 2006, Sicilia served its response to the subpoena.  GE has left that response unopened pending resolution of this motion.  Reynolds Decl. at ¶ 10.

16, 1996) (denying preclusion where no prejudice shown). Factors assessed in determining prejudice include the period of delay in providing notice, any pattern of noncompliance with rules of procedure, the conduct of the serving party if documents were obtained after untimely notice, and whether the subpoena is otherwise objectionable.

Here, all such factors demonstrate the absence of prejudice to movants. Notice of the subpoenas was given within one day after their service, affording Zinter Handling adequate time to state its objections and move to quash. No pattern of noncompliance by GE has been shown here. When AGT responded to the subpoena five days early and before the motion to quash, GE made the documents from AGT available for review by Zinter Handling immediately and provided copies to Zinter Handling promptly. When Sicilia responded to its subpoena after the motion to quash, GE left the response unopened pending a decision on this motion. GE thus took reasonable steps to mitigate any possible prejudice to movants. Finally, as discussed below, the subpoenas are not otherwise objectionable.

Thus, while GE failed to give Zinter Handling prior notice of the subpoenas as required by Rule 45(b)(1), no prejudice from that violation has been shown. The motion on this ground is denied.[4]

---

[4] GE contends that movants' argument on this ground should also be denied because, when movants notified GE of their objection to the subpoenas on August 24, 2006, they made no mention of the lack of prior notice. Reynolds Decl. at Ex. G. However, movants did specify this objection six days later when they served the instant motion. Docket No. 50. Accordingly, GE received adequate notice of movants' objection on this ground prior to the return date of the subpoenas. Moreover, movants' statement of its objections to the subpoenas in the August 24, 2006 letter and GE's August 29, 2006 refusal to modify the subpoenas minimally satisfy the requirement of N.D.N.Y.L.R. 7.1(b)(2) that the parties make a good faith attempt to resolve their differences before filing a motion. GE's arguments on both grounds are rejected.

**2. Standing**

GE contends that both Zinter Handling and Saratoga Crane lack standing to move to quash the subpoenas. Zinter Handling and Saratoga Crane contend that they enjoy standing under Rule 45(c)(3)(A)(iii), which authorizes a subpoena to be quashed if it "requires disclosure of privileged or protected matter and no exception or waiver applies . . . ." The rule does not limit the availability of a motion to quash to the parties to the litigation. The claim to standing here rests on the assertion that the subpoenas require production of the movants' "banking and other financial records." Movants' Mem. of Law (Docket No. 50(3)) at 5.

The subpoena to AGT directed the production of "documents relating or referring to drawings, contracts, purchase orders or invoices supplied to AGT Services by" movants or related individuals or entities. Berger Affirm. at Ex. A. This demand required the production of documents provided by movants to AGT. Under no interpretation would the language of this demand encompass protected banking or financial records. Thus, both Zinter Handling and Saratoga Crane lack standing to move to quash the subpoena to AGT and their motion is denied on this ground as to the AGT subpoena.

The subpoena to Sicilia directed the production of tax returns and supporting documentation as well as financial statements, work papers, and supporting documentation. Berger Affirm. at Ex. B. Liberally construed and viewed in the light most favorable to movants, this language could reasonably require Sicilia, an accounting firm, to produce banking and financial records. Movants' interest in the privacy and confidentiality of such documents suffices to accord them standing to bring this motion as to the Sicilia subpoena. See Reserve Solutions, Inc. v. Vernaglia, No. 05 Civ. 8622 VM RLE, 2006 WL 1788299, at

*1 (S.D.N.Y. June 26, 2006).

### 3. Pre-Motion Conference

Under N.D.N.Y.L.R. 7.1(b)(2), a party must seek a conference with the assigned magistrate judge before filing a non-dispositive motion such as the motion at issue here. GE contends that the motion should be denied because movants failed to comply with this requirement. However, GE has shown no prejudice from this failure and, therefore, consideration of the instant motion will not be denied on this ground.[5]

### B. Merits

Movants contend that the subpoenas should be quashed because the documents demanded for production are privileged and because they are irrelevant to any matters at issue in this action.

### 1. Privilege

Movants contend that the subpoenas direct production of banking and financial documents which are privileged from disclosure. As discussed supra, the subpoena to AGT does not direct production of any such documents and the motion on this ground is denied. As to the Sicilia subpoena, the documents to be produced may include certain financial records. It is unclear from movants' pleadings what legal principle protects their financial

---

[5] Moreover, GE's own failure to comply with the procedural requirements for prior notice in Rule 45(b)(1) undermines its argument that movants' procedural defect should not similarly be excused.

7

records from disclosure by Sicilia.  See Movants' Mem. of Law at 5.  Movants simply allege in conclusory fashion that they possess "privilege interests" in the records demanded from Sicilia and that the "requested information has long been held to constitute a privacy interest . . . ." Id.

The precise interest, privilege, or protection claimed by movants is unclear.  The three cases they cites all involved subpoenas to financial institutions for the banking or credit card records of individuals where each court found standing existed to challenge the subpoenas in question but did not consider any claim of privilege.  See Reserve Solutions, Inc., 2006 WL 1788299, at *1; Carey v. Berisford Metals Corp., No. 90 Civ. 1045 (JMC), 1991 WL 44843, at *8 (S.D.N.Y. Mar. 28, 1991); Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990).  The records sought here are not those of a financial institution but those of the corporations' accounting firm.  Thus, movants have failed to demonstrate that any privilege or legal protection exists which precludes GE from pursuing this discovery.  The motion on this ground is denied.

### 2. Relevance

Movants' principle contention is that the documents sought by GE are not relevant to any matters at issue in the case.  The definition of relevancy here is governed by Fed. R. Civ. P. 26(b)(1), which states in pertinent part:

> Parties may obtain discovery regarding any matter, not
> privileged, that is relevant to the claim or defense of any party . .
> . . Relevant information need not be admissible at the trial if the
> discovery appears reasonably calculated to lead to the discovery
> of admissible evidence. . . .

"The Second Circuit has recognized that Rule 26 relevance is an 'obviously broad rule' that

is 'liberally construed.'" During v. City Univ. of N.Y., No. 05 Civ. 6962(RCC), 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) (quoting Daval Steel Prods, v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir.1991)).  Information sought is relevant if there is "any possibility" that it may lead to the discovery of admissible evidence regarding any claim or defense. Favale v. Roman Catholic Diocese of Bridgeport, 233 F.R.D. 243, 246 (D. Conn.2005).

Here, the documents sought in both subpoenas concern Zinter Handling's claim for damages from lost profits.  The documents seek to determine whether any revenues or losses were shifter between Zinter Handling and Saratoga Crane which might artificially inflate Zinter Handling's claims for lost profits.  The documents sought concerning Zinter Handling clearly satisfy the Rule 26(b)(1) requirement for relevance.  Movants contend, however, that the documents concerning Saratoga Crane should be treated differently because Saratoga Crane and Zinter Handling are two different and distinct entities.

The evidence proffered on this motion demonstrates that although distinct legal entities, Zinter Handling and Saratoga Crane are extraordinarily intertwined.  For example:

- Zinter family members exercise controlling ownership interests in both entities;

- The two entities share the same website where they describe themselves as follows as virtually a single entity: "Zinter Handling/Saratoga Crane & Monorail [] is a material handling company and overhead crane manufacturer located in Saratoga Springs, New York";

- the two entities are involved in the same product lines; and

- The two entities share the same business address, the same business telephone numbers, and the same chief executive officer.

Reynolds Decl. at ¶ 5 & Exs. E, F.

On this record, it appears at least reasonably possible that the documents sought regarding Saratoga Crane will lead to the discovery of admissible evidence regarding Zinter Handling's revenues and losses. The documents regarding Saratoga Crane are, therefore, relevant within the meaning of Rule 26(b)(1). Accordingly, in the alternative, the motion to quash the subpoena to AGT as to the documents related to Saratoga Crane is also denied on this ground. The motion as to the subpoena to Sicilia for documents related to Saratoga Crane is likewise denied on this ground.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that the motion of Zinter Handling and Saratoga Crane to quash GE's subpoenas to AGT and Sicilia (Docket No. 50) is **DENIED** in all respects.

**IT IS SO ORDERED.**

DATED: November 16, 2006
         Albany, New York

_David R. Homer_
United States Magistrate Judge

10