UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| **ZINTER HANDLING, INC.,** | 1:04-CV-500 |
| Plaintiff, | (GLS/DRH) |
| v. | |
| **GENERAL ELECTRIC COMPANY, JOSEPH DeCONNO, J.C. MacELROY, CO. INC., and BART SPOTA,** | |
| Defendants. | |

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| BERGER, DuCHARME LAW FIRM<br>10 Maxwell Drive - Suite 205<br>Clifton Park, New York 12207 | JOHN B. DuCHARME, ESQ. |
| **FOR THE DEFENDANTS:** | |
| **For General Electric Company and Joseph DeConno:**<br>BOND, SCHOENECK LAW FIRM<br>111 Washington Avenue<br>Albany, New York 12210-2280 | WILLIAM E. REYNOLDS, ESQ. |
| **For J.C. MacElroy Co., Inc. and Bart Spota:**<br>PENNOCK, BREEDLOVE LAW FIRM<br>1407 Route 9, Ninth Floor<br>Building 4, 2nd Floor | CARRIE McLAUGHLIN NOLL, ESQ. |

Clifton Park, New York 12065

**Gary L. Sharpe**
**U.S. District Judge**

## SUMMARY ORDER

On August 2, 2007, the court held oral argument on the pending motions for summary judgment, *see Dkt. Nos. 81, 82, 84*, and the various appeals of Magistrate Judge Homer's non-dispositive orders. *See Dkt. Nos. 68, 73, 74.* At the close of oral argument, the court reserved decision.

This summary order and the transcript of the oral proceedings constitute the court's full decision. For the reasons that follow, defendants' motions for summary judgment *(Dkt. Nos. 81, 82)* are granted, plaintiff's motion for partial summary judgment *(Dkt. No. 84)* is denied, and defendants' appeals of Magistrate Judge Homer's orders *(Dkt. Nos. 68, 73, 74)* are denied as moot.

As the court articulated during the hearing, the central and largely dispositive issue at the heart of this lawsuit is whether General Electric owned the drawings at issue under the terms of the contract. This question, if answered as a matter of law, determines the outcome of Zinter's claims under the Lanham Act and State unfair competition,

2

contract, and tort laws.

On this subject, at oral argument, Zinter's counsel argued that the specific purchase order governing the "new breed" drawing at issue has not yet been produced by defendants. In the final hour, Zinter's counsel claimed that the purchase order considered by the court and referred to in both parties' papers, *see GE SMF ¶¶11-20, Dkt. No. 81; see also Zinter SMF ¶¶11-20, Dkt. No. 88; see also Zinter Aff. ¶¶10, 11; Dkt. No. 88*, is not the actual purchase order that governs the parties' agreement over the subject matter of this lawsuit.

Having considered Mr. DuCharme's argument and having revisited the record, the court finds adversely to what, in its view, is plaintiff's final effort to create a disputed issue of material fact, when none genuinely exists. There is no dispute that each time General Electric purchased a crane and its accompanying drawings from Zinter, each exchange was subject to General Electrics's standard terms and conditions of purchase. *See Melber Aff. Ex. 3, Dkt. No. 81.* In fact, Zinter cited to these terms several times in its motion papers, *see Dkt. Nos. 84, 86, 88*, acknowledging that they at least initially governed the parties' agreement. Zinter's entire argument was premised on the fact that these terms were later modified by

3

the approval box on its drawings. As such, Zinter's newly-manufactured argument lacks merit.

Because the terms and conditions governing the parties' agreement were clear and unambiguous, *see International Multifoods Corp. v. Commercial Union Insurance Co.*, 309 F.3d 76, 83 (2d Cir. 2002), the court holds that General Electric owned the information and drawings at issue subject to those terms.[1] Under the express terms, Genderal Electric undisputedly owned the subject drawings and information and thus

---

[1] The purchase orders contained, in part, the following term:

> [a]ny knowledge or information which the seller shall have disclosed or may hereafter disclose to the purchaser which in any way relates to the goods or services offered by this order and purchaser's material schedule shall not, unless otherwise specifically agreed to in writing by the purchaser, be deemed to be confidential or proprietary information and shall be acquired by the purchaser free from any restrictions (other than a claim for patent infringement), as part of the consideration for this order.

*GE SMF ¶11, Dkt. No. 81; see also Zinter SMF ¶11, Dkt. No. 88.*

The GE purchase orders also provided a specific method for making any modifications to it. In particular, it provided:

> [t]he terms and conditions printed on this Purchase Order take precedence over any alternative terms and conditions in any other document connected with this transaction unless such alternative terms and conditions are expressly incorporated by reference on the face of this Purchase Order....Any change to this order shall be authorized only by a duly executed Purchase Order amendment hereto.

*GE SMF at ¶13, Dkt. No. 81; Zinter SMF ¶13, Dkt. No. 88.* The purported modification on which Zinter relies was a separate document (the approval box on the drawing). As such, by the plain terms of the parties' own agreement, Zinter did not effectively modify the terms of the purchase order.

4

possessed the absolute right to use them in any way it saw fit. Accordingly, Zinter's Lanham Act claim and State law claims for unfair competition, breach of contract, and conversion fail as a matter of law, and such claims are dismissed in their entirety.

At this juncture, the court declines to exercise supplemental jurisdiction over Zinter's State law claims for tortious interference with prospective business relations and defamation. Accordingly, such claims are dismissed in their entirety.

Finally, because this order completely disposes of Zinter's lawsuit, defendants' appeals of Magistrate Judge Homer's orders are denied as moot.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that General Electric and DeConno's motion for summary judgment (*Dkt. No. 81*) is **GRANTED**; and it is further

**ORDERED** that Spota and MacElroy's motion for summary judgment; (*Dkt. No. 82*) is **GRANTED**; and it is further

**ORDERED** that Zinter's motion for partial summary judgment (*Dkt. No. 84*) is **DENIED**; and it is further

5

**ORDERED** that Zinter's complaint is **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that General Electric and DeConno's appeal from Magistrate David R. Homer's November 22, 2006 non-dispositive Order *(Dkt. No. 68)* is **DENIED AS MOOT**; and it is further

**ORDERED** that General Electric and DeConno's appeal from Magistrate David R. Homer's February 13, 2007 non-dispositive Order *(Dkt. No. 73)* is **DENIED AS MOOT**; and it is further

**ORDERED** that MacElroy and Spota's appeal from Magistrate David R. Homer's February 13, 2007 non-dispositive Order *(Dkt. No. 74)* is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk enter judgment in favor of the defendants and close the case; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

August 22, 2007
Albany, New York

*Gary L. Sharpe*
U.S. District Judge